THOMAS, Justice.
The appellants started a suit to quiet the title to four lots in Block 21 of Bayview Addition to St. Andrews, in Bay County, two of which, numbered 6 and 7, were alleged to be owned by Robert H. Stephens and his wife, Jane, and two, numbered 8 and 9, by Walter Cowan, Sr., as natural guardian, for Walter Cowan, Jr. After extensive pleadings and considerable testimony, the master recommended that a decree be entered declaring the persons we have named to be the owners in fee simple of the respective lots.
The chancellor confirmed the report in respect of Lot 6 and decreed Robert H. Stephens and his wife owned it by virtue of adverse possession, but he rejected the recommendations with reference to the other three lots because of failure to establish adverse possession, and he dismissed the bill of complaint so far as it involved that property.
Under the appeals that were taken, we will proceed to adjudicate the title of the four lots in question without disturbing the findings of fact made by the master in chancery.
The salient facts appearing in the report seem acceptable to all parties here complaining.
The common source of title was a tax deed from the State of Florida to one John W. O’Neal by which the four lots were conveyed to him 27 April 1931. Sometime afterward, the time is no more definitely set than by the statement of his wife that she last saw him in 1935, the grantee left for parts unknown. Before leaving he put his sister-in-law, Annie E. Stephens, in charge of the property telling her to “look after” it. The sister-in-law lived on an adjoining lot, No. 5, and stayed there until 1953. According to the report the sister-in-law exercised dominion over the property for nearly twenty years. She kept chickens on the land, planted grapes on one lot and leased the lots for use as sites for outdoor advertisements. “By and through her lessees” underbrush' and trees were cleared from the northern part, or front, of all the lots. She paid all taxes on the property until she “sold” it in 1952.
At this point in his report the master stated that it could be “assumed” that Annie E. Stephens held the lands as agent or trustee from the time they were placed in her charge until 27 May 1943. We inject this opinion of the master, relative to a point of law, into the narrative of the facts because it is a fitting introduction to the next item in the history of the title.
On 27 May 1943 Bertha Belle Stephens O’Neal, wife of John W. O’Neal, having concluded that her husband had died, a decision based on nothing so far as the record shows but his prolonged absence, conveyed the property to the sister-in-law, who up to that time had acted as agent of John W. O’Neal. Ever since, found the master, she had claimed all the lands. Later Annie E. Stephens conveyed Lots 6 and 7 to Robert H. Stephens and his wife, and Lots 8 and 9 to Walter Cowan, Sr., as guardian of Walter Cowan, Jr.
*368 Then John W. O’Neal came back and he, joined by one Sarah Geneva O’Neal, described in the instrument as his wife, though there is a lack of evidence that the marriage to Bertha Belle Stephens had ever been dissolved, proceeded to convey all four lots to M. H. Stephens and Victoria Stephens after the bill was filed. His return was prompted by notice of this very suit. The deed he subsequently executed was introduced by the answer of M. H. Stephens and Victoria Stephens in which a decree was sought quieting their title to the property.
Accepting the facts reported by the master to the chancellor but rejecting the decisions of points of law, we conclude that the decree must be reversed. And we think that in disposing of the controversy we need not make any excursion into the law of adverse possession.
Possession of the property was gained by Annie E. Stephens when John W. O’Neal put the property in her charge before he went away. For ten years she seems faithfully to have discharged her obligation to him. But certainly that relationship could not be effectively and validly ended because his wife arbitrarily decided that he had departed this life and that inasmuch as they had no children she could deed property that was his. She could not, by indulging an unfounded presumption, declare him dead and herself his heir, and at the same time translate Annie E. Stephens from an agent of John W. O’Neal into an adverse holder by virtue of a deed which Bertha Belle Stephens O’Neal had no right to execute.
The stipulation with reference to the de-raignment of title and the facts developed by the testimony impel us to the conclusion that title to the four lots is vested in the grantees of John W. O’Neal subject to any outstanding dower rights, a matter which should be determined by the chancellor after taking such further testimony as he finds necessary to decide the point.
We reverse the decree with directions to proceed according to the views we have expressed.
Reversed.
TERRELL, C. J., and HOBSON, ROBERTS and THORNAL, JJ., concur.
DREW, J., and PRUNTY, Associate Justice, dissent.